UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ACRISURE OF CALIFORNIA, LLC,

Plaintiff,

v.

PETER FRESKA,

Defendant.

______________________________________/

Case No. 1:26-cv-1699

Hon. Hala Y. Jarbou

**OPINION**

Plaintiff Acrisure of California, LLC, brings this lawsuit against Defendant Peter Freska, a former Acrisure employee, for the alleged breach of noncompete provisions in his employment agreement. Before the Court is Freska's motion to dismiss the case on the ground of forum non conveniens or stay the case (ECF No. 10), which he now asks the Court to construe as a motion to transfer under 28 U.S.C. § 1404(a). For the reasons explained below, the Court will deny the motion to transfer.

## I. BACKGROUND

Acrisure is an insurance brokerage company that hired Freska in 2016, when it bought a firm that he co-owned. (Compl. ¶¶ 13, 21–22, ECF No. 1.) At the time, Freska executed an employment agreement with Acrisure containing noncompete provisions that apply during his employment and for three years after his employment ends. (Employment Agreement 7, ECF No. 22-2.) The employment agreement contains the following choice-of-law clause:

> The terms and conditions of this Agreement shall be governed, construed, interpreted and enforced in accordance with the domestic laws of the State of Michigan, without giving effect to any choice of law or conflict of law provision or rule (whether of the State of Michigan or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Michigan.

(*Id.* at 9.) It also contains a forum-selection clause:

> All actions or proceedings arising from or related to this Agreement and for which a party seeks injunctive or equitable relief shall be brought only in a state court of competent subject matter jurisdiction in Kent County, Michigan, or in the federal courts of competent subject matter jurisdiction in the Western District of Michigan, Southern Division. Each party expressly and irrevocably consents to personal jurisdiction and venue in such courts, and agrees not object to such jurisdiction or venue on the ground of forum non conveniens or otherwise.

(*Id.*) Acrisure operates out of Michigan (Compl. ¶ 13), but Freska lives in California and conducted his work from Acrisure's offices in that state (Cal. Compl. ¶¶ 9, 30, ECF No. 11-1).

Acrisure terminated Freska on May 27, 2026, and filed this lawsuit the same day. (Compl. ¶ 50.) Acrisure alleges that Freska has attempted to prevent Acrisure employees from stopping another company's efforts to solicit Acrisure's clients. (*Id.* ¶ 44–49.) Acrisure brings a breach of contract claim and seeks specific performance and a declaratory judgment. Two days after Acrisure filed this lawsuit, Freska filed a lawsuit against Acrisure in California state court, seeking a declaration that portions of the employment agreement are unenforceable and an injunction preventing Acrisure from interfering with Freska's employment. (*See* Cal. Compl.) Acrisure subsequently removed that case to federal court based on diversity jurisdiction, although Freska has since filed a motion to remand that remains pending. Freska initially asked this Court to stay this case or dismiss it on the ground of forum non conveniens, but now that the California case has been removed, in his reply brief he asks for transfer of this case to the Central District of California under 28 U.S.C. § 1404(a).

## II. LEGAL STANDARD

Section 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The § 1404(a) analysis depends on whether a valid forum-selection clause is

applicable to the claims at issue. "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 62 (2013) (footnote omitted). However, if the parties have selected a forum via contract, the Court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* The Court still considers whether the public-interest factors support a transfer, but it is unlikely that those factors will outweigh the agreement of the parties, so "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* at 63 (alteration in original).

## III. ANALYSIS

### A. Forum-Selection Clause

Freska's employment agreement contains a forum-selection clause requiring this litigation to occur in Michigan. "Because the presence of a valid and enforceable forum-selection clause alters the type of [§ 1404] analysis a court must apply, it follows that a court must first . . . determine whether a forum-selection clause is applicable to the claims at issue, mandatory, valid, and enforceable." *Lakeside Surfaces, Inc. v. Cambria Co., LLC*, 16 F.4th 209, 215 (6th Cir. 2021).[1] Freska challenges only the enforceability of the clause.

When addressing a § 1404(a) motion and sitting in diversity, the Court applies federal law to determine the enforceability of a forum-selection clause. *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 826 (6th Cir. 2009) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29–30 (1988)). The Court's analysis must reflect "a federal policy favoring enforcement of forum selection

[1] Although *Lakeside* addressed dismissal under the doctrine of forum non conveniens rather than transfer under § 1404, the two analyses are essentially identical. *See Atl. Marine*, 571 U.S. at 60 ("Section 1404(a) is merely a codification of the doctrine of forum non conveniens for the subset of cases in which the transferee forum is within the federal court system . . . ."); *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 832 (6th Cir. 2009).

clauses," under which "such clauses 'should control absent a strong showing that [they] should be set aside.'" *Id.* at 826 (alteration in original) (quoting *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 591 (1991)). In order to "defeat the strong presumption in favor of enforceability," Freska must establish one of the following:

> (1) the clause was obtained by fraud, duress, or other unconscionable means; (2) the designated forum would ineffectively or unfairly handle the suit; (3) the designated forum would be so seriously inconvenient that requiring the plaintiff to bring suit there would be unjust; or (4) enforcing the forum selection clause would contravene a strong public policy of the forum state.

*Lakeside*, 16 F.4th at 219–20.

Freska asserts that the third and fourth factors are met here. As to inconvenience, Freska notes that it is difficult and expensive for him (a California resident) to travel to Michigan, and that the relevant evidence and witnesses are in California. But invalidating a forum-selection clause based on inconvenience is a difficult bar to clear, and these facts fall short; Freska has not established that "trial in the contractual forum will be so gravely difficult and inconvenient that [he] will for all practical purposes be deprived of [his] day in court." *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229–30 (6th Cir. 1995). Moreover, the facts cited by Freska to support a finding of inconvenience are the very facts that *Atlantic Marine* directed courts to ignore during their § 1404(a) analysis when a valid forum-selection clause is present. *See Atl. Marine*, 571 U.S. at 62 (private-interest factors automatically weigh in favor of forum selected by contract). It would contravene *Atlantic Marine* to allow these run-of-the-mill inconvenience concerns to defeat a forum-selection clause merely because a party raises them in a challenge to the validity of the clause rather than as part of the § 1404(a) analysis.

Regarding public policy, Freska asserts that California has a strong interest in enforcing its limitations on noncompete clauses in employment agreements. As an initial matter, it is unclear whether California's public policy interest has any relevance here. In *Lakeside*, the Sixth Circuit

cited *M/S Bremen v. Zapata Off-Shore Co.* for the proposition that "[a] contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought." 407 U.S. 1, 15 (1972) (alteration in original). This language seems to presuppose a scenario in which a court must decide whether to transfer a case to *another* district in accordance with a forum-selection clause—hence the reference to the policy interests of the forum state. This case is somewhat unusual because a forum-selection clause is being used to *avoid* a transfer to another district.

If applied literally to this case, *Bremen* renders the forum-selection clause invalid only if enforcing it would contravene *Michigan*'s public policy, not California's. If so, Freska's argument—which relies on California public policy—is meritless. Presumably, Freska would contend that the posture here warrants a slightly different principle: a forum-selection clause is unenforceable if it contravenes the strong public policy of the state to which the case might otherwise be transferred. *See W.O. Grubb Steel Erection, Inc. v. Coastal Dredging, LLC*, No. 3:24CV313, 2025 WL 837313, at *8 (E.D. Va. Mar. 17, 2025) ("[T]he Court must consider whether enforcing the forum-selection clause would contravene a strong public policy of the relevant forum, i.e., the forum in which the complaining party wishes to litigate."). There is some intuitive appeal to this principle, in that it does not cause the analysis to hinge on which court the case was initially filed in. On the other hand, a court's analysis of motions to transfer and forum-selection clauses (not to mention choice-of-law issues) often turns on which court a case was filed in. Moreover, contrary to Freska's position, case law appears to support the more literal interpretation of *Bremen* described above. *See Whirlpool Corp. v. Cabri*, No. 21-cv-979, 2022 WL 1421126, at *9 (D. Del. May 5, 2022) ("When deciding whether or not to enforce a forum selection clause because of public policy considerations . . . the court considers whether

enforcement would contravene a strong public policy of the forum in which the suit was brought, not in a forum in which the suit could have been brought." (internal quotation marks omitted)); *NuMSP, LLC v. St. Etienne*, 462 F. Supp. 3d 330, 345–46 (S.D.N.Y. 2020) ("[I]n determining whether a forum selection provision is invalid, the Court focuses on the public policy of the *forum state*, not some other state."); *MacuHealth Distrib., Inc. v. Davis*, No. 19-13322, 2020 WL 1083767, at *3 (E.D. Mich. Mar. 6, 2020); *Pensmore Reinforcement Techs., LLC v. McClay Indus. PTY, Ltd.*, No. 2:20-cv-13073, 2022 WL 92331, at *4 (E.D. Mich. Jan. 7, 2022); *Whiting-Turner Contracting Co. v. Westchester Fire Ins. Co.*, No. CIV. JFM-13-348, 2013 WL 3177881, at *3 (D. Md. June 20, 2013); *Maaco Franchising, Inc. v. Tainter*, No. CIV.A. 12-5500, 2013 WL 2475566, at *4 (E.D. Pa. June 10, 2013); *St. Jude Med., S.C., Inc. v. Biosense Webster, Inc.*, No. CIV. 12-621, 2012 WL 1576141, at *4 (D. Minn. May 4, 2012); *TGI Friday's Inc. v. Great Nw. Rests., Inc.*, 652 F. Supp. 2d 750, 760 (N.D. Tex. 2009); *Zeppelin Sys. USA, Inc. v. Pyrolyx USA Ind., LLC*, No. 19-cv-11222, 2020 WL 1082774, at *4 (S.D.N.Y. Mar. 5, 2020); *Willis Re Inc. v. Herriott*, 550 F. Supp. 3d 68, 97 (S.D.N.Y. 2021). *But see Homewatch Int'l, Inc. v. Pac. Home Care Servs., Inc.*, No. 10-cv-3045, 2011 WL 1660612, at *3 (D. Colo. May 2, 2011) (finding forum-selection clause invalid due to conflict with California public policy).

Even if the forum-selection clause could be invalidated due to a conflict with California public policy, Freska identifies no such policy here. Freska notes that California takes a more skeptical view of noncompete agreements than Michigan. *See* Cal. Bus. & Prof. Code § 16600(a) ("Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."). But in applying *Bremen*'s public policy exception, the Court does not look to the substantive law that will apply in

each potential forum—only to the law regarding forum-selection clauses.[2] "The question is not whether the application of the forum's law would violate the policy of the other party's state, but rather, whether enforcement of the forum selection agreement would violate the policy of the other party's state *as to the forum for litigation of the dispute*." *Swenson v. T-Mobile USA, Inc.*, 415 F. Supp. 2d 1101, 1105 (S.D. Cal. 2006) (emphasis added); *see also Rowen v. Soundview Commc'ns, Inc.*, No. 14-cv-5530, 2015 WL 899294, at *5 (N.D. Cal. Mar. 2, 2015) ("This makes the forum selection clause separate from the choice-of-law analysis and therefore 'a party challenging enforcement of a forum selection clause may not base its challenge on choice of law analysis.'"); *Johnson v. Copiers Nw., Inc.*, No. 16-cv-1556, 2017 WL 1968605, at *6 (D. Or. May 12, 2017); *Mahoney v. Depuy Orthopaedics, Inc.*, No. CIVF 07-1321 AWI SMS, 2007 WL 3341389, at *8 (E.D. Cal. Nov. 8, 2007). Applying this rule, courts "have . . . refused to consider California's policy against non-compete agreements in determining whether a forum selection clause was valid." *Rowen*, 2015 WL 899294, at *5. Because Freska does not point to any California policy against enforcement of the forum-selection clause, he has not established that the clause is unenforceable.[3]

**B. Section 1404(a) Factors**

Given that the forum-selection clause is enforceable, the Court must next determine whether to transfer the case under § 1404(a). The private-interest factors weigh entirely against a transfer because the forum-selection clause designates Michigan as the proper forum. *Atl. Marine*, 571 U.S. at 62. The public-interest factors relevant to a § 1404(a) motion "include the

[2] The Court does not mean to suggest that a California court would necessarily apply California substantive law if this case were transferred there; if the California court found the contractual choice-of-law clause valid, it would apply Michigan law.

[3] Arguably, California does have a statutorily enacted policy against enforcing forum-selection clauses in some circumstances. *See* Cal. Lab. Code § 925 (prohibiting forum-selection clauses in certain employment contracts). But § 925 does not apply to this contract because it was executed before 2017. *See id.* § 925(f).

administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 62 n.6 (cleaned up). Freska argues that the public-interest factors favor California because "California has the stronger local interest" and "the stronger policy interest" in this case, "retaining the case in Michigan would create unnecessary conflict-of-laws problems," and there is "substantial overlap between the Michigan and California actions." (Def.'s Br. in Supp. 20–21, ECF No. 11.) The Court will address each argument in turn.

First, Freska argues that California has a stronger local connection to the case because he worked in Acrisure's California offices. Relatedly, Freska contends that a California jury should hear the case because the state has a more substantial connection to the dispute. But Michigan also has a connection to the case, as Acrisure is a Michigan company operating out of Grand Rapids. Freska also asserts that California has a policy interest in resolving the legal issues underlying this case, including the enforcement of the contractual choice-of-law clause and the noncompete agreements. But Michigan has an opposing interest in resolving the same issues. After all, "Michigan has a strong interest in protecting its businesses from unfair competition" and from "economic loss as a result of [the] breach of [a] non-compete agreement." *Stone Surgical, LLC v. Stryker Corp.*, 858 F.3d 383, 390–91 (6th Cir. 2017). Thus, California's connection to and interest in this case is not so much greater than Michigan's that a transfer is warranted in spite of a valid forum-selection clause.

Second, Freska argues that a California court is better positioned to resolve the choice-of-law issues at the heart of this case. But Freska's argument rests on the assumption that California law should apply to this case, which is the very question that a choice-of-law analysis would be necessary to answer. Of course, a California court would be well-suited to apply California choice-

of-law rules in answering that question, but a Michigan court would be just as well-suited to apply Michigan choice-of-law rules in answering it. In an analogous case involving an Acrisure employee working in California, the Court found that under Michigan choice-of-law rules, the choice-of-law clause was valid, so Michigan substantive law applied to the contract. *Acrisure LLC v. Jacobi*, No. 1:26-cv-1917, 2026 WL 2524642, at *5 (W.D. Mich. Aug. 27, 2026). Because this Court is better suited to apply Michigan substantive law than a California court, the potential choice-of-law issues do not support a transfer to California.

Finally, Freska contends that allowing both this suit and the California suit to proceed would waste judicial resources because the suits are largely duplicative. However, if the cases are duplicative, this forum would be the proper place to resolve both, given that the forum-selection clause points here and this lawsuit was filed first. *See Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) (when duplicative suits are filed, "the court in which the first suit was filed should generally proceed to judgment" (emphasis removed)). The California court may decide to transfer its case here on that basis, but this Court sees no reason to transfer this case to California. Although the interest of judicial efficiency may sometimes justify a § 1404 transfer "even when the first-to-file rule does not strictly apply," *Acrisure*, 2026 WL 2524642, at *9 n.5, courts should still observe the general principle that first-filed cases are given priority, and the mere existence of a later-filed duplicative case is not sufficient to justify transfer out of the forum designated by contract.

## IV. CONCLUSION

In sum, Freska has not established that a transfer is warranted, and the Court will deny his motion.[4] An order will enter in accordance with this Opinion.

Dated: October 16, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE

[4] In his motion, Freska argued that the Court should also decline to exercise judgment over Acrisure's declaratory judgment claim due to the pending state case in California. Because that case has now been removed to federal court, and because Freska does not address the declaratory judgment claim in his reply, the Court presumes that Freska's argument on this point is no longer relevant.